HENSLEY v. WHIFFIN ET AL.

1. **Mortgage:** FORECLOSURE: REDEMPTION. The transferee of one note of a series secured by a mortgage, who has no interest in the mortgage which appears of record, is not a necessary party to its foreclosure in an action by the holder of an earlier maturing note of the series, but is affected by such foreclosure as though a party, and can only make statutory redemption from a sale thereunder.

*Appeal from Taylor District Court.*

THURSDAY, OCTOBER 7.

ACTION to redeem from an execution sale made in pursuance of the foreclosure of a mortgage. The plaintiff shows in his petition that at the time of the sale he was the holder of a lien upon the premises junior to that which was foreclosed. The person who foreclosed was one Morris. The defendant Debolt at the time of the foreclosure owned the prem-

ises. The mortgage was executed to the defendant Louisa Lemley, and was given to secure four notes executed to her by Debolt for one thousand dollars each. The note first falling due she transferred to Morris. One of the other notes she transferred to the plaintiff. Morris foreclosed, and caused the premises to be sold at execution sale, and bid in the same. Debolt failed to redeem.

· The defendant George Lemley in the meantime entered into a contract with the defendant Whiffin, whereby Whiffin was to advance a portion of the money necessary to purchase the sheriff's certificate, the balance being advanced by Lemley himself. It was also provided in the contract that in case the certificate should go to deed Whiffin would take a deed and hold the title, and convey the same to Lemley, provided Lemley would pay therefor a certain stipulated amount before the first day of January, 1880. No redemption having been made by Debolt, Whiffin acquired a sheriff's deed and still holds the title.

The plaintiff claims that Lemley is the equitable owner of the premises; that Whiffin is but an incumbrancer, and plaintiff prays that he may be allowed to redeem by paying off the Whiffin debt.

To the petition setting out in substance the above mentioned facts the defendant Whiffin demurred, and the demurrer was sustained. The plaintiff's petition having been dismissed, he appeals.

*Crum & Haddock*, for appellant.

*J. W. Whiffin*, for himself.

ADAMS, CH. J.—No transfer to the plaintiff of any interest in the mortgage appeared of record. He was not, there-fore, a necessary party to Morris' foreclosure. He was affected by the foreclosure, and could only make statutory redemption. He allowed the time provided by statute to expire. He seems to have conceived the

1. MORTGAGE: foreclosure: redemption.

idea that the time was extended by reason of the contract between Whiffin and George Lemley. But the foreclosure had extinguished Debolt's interest, and the plaintiff never had any lien except upon Debolt's interest.

, AFFIRMED.